VICKERS PETROLEUM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28710. Promulgated April 13, 1931.

*Vincent A. Smith, C. P. A.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserts deficiencies in income and profits taxes for the years 1919 and 1920, in the respective amounts of $10,460.21 and $2,978.72. The only issue not settled by stipulation is whether the value of nine thirty-seconds of a certain leasehold paid into the petitioner corporation by its majority stockholder at December 23, 1919, shall be included in the computation of its invested capital for each of the taxable years at a value which is stipulated in the amount of $418,000. The proceeding was submitted on the following agreed statement of facts:

(1) That for the period ending December 31, 1919, there shall be excluded from the taxable income of the petitioner an amout of $11,000 claimed by the respondent to represent profit to the petitioner on the sale of a one-half interest in an oil and gas lease described as the North one-half of the Northwest Quarter of Section 20, Township 23 South Range 4 East, Butler County, Kansas, designated as the Parris Lease. This amount was included by the Commissioner as a part of the petitioner's taxable income for said period.

(2) That for the period ending December 31, 1919, there shall be added to the net income of the petitioner an amount of $2,325.48 representing a net loss from the operation of the said Parris Lease for the period from August 22, 1919, to December 27, 1919, which was allowed as a deduction from the gross income of the petitioner.

(3) That for the year 1920 the correct net income of the petitioner is $28,691.98 instead of $30,122.47 as computed by respondent.

(4) That the petitioner's invested capital for the years herein involved should be adjusted to conform to the foregoing changes in income.

(5) It is further agreed that the facts in regard to the allowance of invested capital claimed by the petitioner in the amount of $10,306.85 for the period from December 23, 1919, to December 31, 1919, and in the amount of $418,000 for the year 1920 are as follows:

(a) On August 11, 1919, and at all times thereafter material to the issues in this case, J. A. Vickers was the owner and holder of the entire issued and outstanding capital stock of petitioner corporation (to wit: $200,000 par value of common and $100,000 par value of preferred stock) except five qualifying shares of common stock of a par value of $100 issued to officers and directors of said corporation of which J. A. Vickers was the true and equitable owner; and fifteen shares of common and ten shares of preferred stock, all at a par value of $100 which was paid for and owned by one E. W. Fawcette, who was at that time general manager of the company.

(b) That on September 13, 1919, petitioner assigned a 9/32nd working interest in said Parris Lease to said J. A. Vickers and a

3/32nd working interest in said lease to D. J. Marshall, without consideration as to either of said assignments.

(c) That on December 23, 1919, said J. A. Vickers assigned back to petitioner, without consideration, said 9/32nd working interest in the said Parris Lease.

(d) That the fair market value of said 9/32nd working interest in the Parris Lease on December 23, 1919, was $418,000.

Petitioner claims that under the provisions of section 326 (a) (3) of the Revenue Act of 1918 it is entitled to include the value of an interest in a certain oil and gas lease in the computation of its invested capital for each of the taxable years. The facts are not in controversy. On September 13, 1919, the petitioner, without consideration, assigned the leasehold interest to its principal and majority stockholder. On December 13, 1919, that stockholder reassigned such interest to the petitioner without consideration. The parties stipulate that the value of the leasehold interest in controversy was $418,000 at December 23, 1919, but the record fails to disclose the value thereof at September 13, 1919. The petitioner's contention is that the assignment of December 23, 1919, was a gift to the corporation by its majority stockholder that resulted in increased paid-in surplus in an amount equal to the stipulated value of the property so acquired. This contention is sound and, unless the transaction in question is within the provisions of section 331 of the Revenue Act of 1921, the claim must be allowed. Regulations 45, article 807; *La Belle Iron Works* v. *United States*, 256 U. S. 377; *Steinbach Co.*, 3 B. T. A. 348.

The respondent relies on section 331 of the Revenue Act of 1918 as the statutory basis for his rejection of petitioner's claim for additional invested capital in the taxable years. That section provides as follows:

In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: *Provided*, That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

1202

The transaction here involved, giving full weight to the stipulation and conceding the good faith of the several assignments, certainly effected a change in the ownership of the property in question. It is equally clear that after the transfer of the leasehold interest the prior owner, not a corporation, retained more than 50 per cent interest in the stock of the donee company and through the ownership of such stock was in complete control of the petitioner and of all its assets. That the transaction was within the provisions of section 331 of the Revenue Act of 1918 is really too obvious to require discussion. Since the stockholder who gave the property to the corporation acquired the same without cost, it follows that the invested capital of the corporation was not increased by the donation.

*Decision will be entered for the respondent under Rule 50.*